MARC J. FAGEL (Cal. Bar No. 154425)
fagelm@sec.gov
MICHAEL S. DICKE (Cal. Bar No. 158187)
dickem@sec.gov
ROBERT L. MITCHELL (Cal. Bar No. 161354)
mitchellr@sec.gov
VICTOR HONG (Cal. Bar No. 165938)
hongv@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CRAIG T. JOLLY and QUEST HOLDINGS, INC.,<br><br>Defendants. | Case No.: CV-09-38-EFS<br><br>[PROPOSED] JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT CRAIG T. JOLLY |

The Securities and Exchange Commission ("Commission") having filed a Complaint in this matter and defendant Craig T. Jolly ("Defendant") having entered a general appearance and executed a Consent of Defendant Craig T. Jolly to Entry of Judgment of Permanent Injunction and Other Relief ("Consent"), in which among other things, Defendant consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations in the Complaint (except as to jurisdiction, which Defendant admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

CASE NO.: CV-09-38-EFS
SEC V. JOLLY AND QUEST HOLDINGS, INC.

[PROPOSED] JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT CRAIG T. JOLLY

I.

IT IS HEREBY ORDERED THAT defendant Craig T. Jolly and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS FURTHER ORDERED THAT defendant Craig T. Jolly and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, in the offer or sale of any securities, by the use of any

means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

    A.    employing any device, scheme, or artifice to defraud; or

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

### III.

IT IS FURTHER ORDERED THAT defendant Craig T. Jolly, and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme, or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and civil penalties pursuant to

Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from February 1, 2006, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Date: _____December 11,_____, 2009

s/Edward F. Shea
_____
UNITED STATES DISTRICT JUDGE

CASE NO.: CV-09-38-EFS
SEC V. JOLLY AND QUEST HOLDINGS, INC.

-5-

[PROPOSED] JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT CRAIG T. JOLLY