1  MARC J. FAGEL (Cal. Bar No. 154425)
   fagelm@sec.gov
2  MICHAEL S. DICKE (Cal. Bar No. 158187)
   dickem@sec.gov
3  ROBERT L. MITCHELL (Cal. Bar No. 161354)
   mitchellr@sec.gov
4  VICTOR HONG (Cal. Bar No. 165938)
   hongv@sec.gov
5
   Attorneys for Plaintiff
6  SECURITIES AND EXCHANGE
   COMMISSION
7  44 Montgomery Street, Suite 2600
   San Francisco, California 94104
8  Telephone: (415) 705-2500
   Facsimile: (415) 705-2501

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
JUN - 2 2010
JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CRAIG T. JOLLY and QUEST HOLDINGS, INC.,<br><br>Defendants. | Case No.: CV-09-38-EFS<br><br>[PROPOSED] FINAL JUDGMENT RENDERING JUDGMENT BY DEFAULT AGAINST QUEST HOLDINGS, INC. AND IMPOSING FINANCIAL REMEDIES AGAINST QUEST HOLDINGS, INC. AND CRAIG T. JOLLY |

The motion of plaintiff Securities and Exchange Commission ("Commission") for Default Judgment Against Quest Holdings, Inc. and Imposition of Financial Remedies Against Quest Holdings, Inc. and Craig T. Jolly came duly before the Court. The Court, having reviewed the motion papers and the Court's file, and for good cause shown, finds as follows:

CASE NO.: CV-09-38-EFS
SEC V. JOLLY AND QUEST HOLDINGS, INC.

[PROPOSED] FINAL JUDGMENT RENDERING JUDGMENT BY DEFAULT AGAINST QUEST HOLDINGS, INC. AND IMPOSING FINANCIAL REMEDIES AGAINST QUEST HOLDINGS, INC. AND CRAIG T. JOLLY

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment is rendered against defendant Quest Holdings, Inc. ("Quest") by default, pursuant to Federal Rule of Civil Procedure 55(b)(2).

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants Quest and Craig T. Jolly ("Jolly") (together, "Defendants") and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration

statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

A. employing any device, scheme, or artifice to defraud; or

B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

### IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are

permanently restrained and enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme, or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

## V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants shall be jointly and severally liable to pay disgorgement of $ 2,094,847.06, representing Defendants' ill-gotten gains from the conduct alleged in Complaint in this action, together with prejudgment interest thereon in the amount of $ 623,103.44, for a total of $ 2,717,950.50. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the Defendants may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Quest and Jolly as Defendants in this

CASE NO.: CV-09-38-EFS  
SEC V. JOLLY AND QUEST HOLDINGS, INC.

-4-

[PROPOSED] FINAL JUDGMENT RENDERING JUDGMENT BY DEFAULT AGAINST QUEST HOLDINGS, INC. AND IMPOSING FINANCIAL REMEDIES AGAINST QUEST HOLDINGS, INC. AND CRAIG T. JOLLY

action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. Defendants relinquish all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to either Jolly or Quest. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Quest shall pay a civil penalty in the amount of $ 600,000.00 pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Quest shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial

Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Quest as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Quest shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Jolly shall pay a civil penalty in the amount of $ 120,000.00       pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Jolly shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Jolly as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Jolly shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

CASE NO.: CV-09-38-EFS
SEC v. JOLLY AND QUEST HOLDINGS, INC.

-6-

[PROPOSED] FINAL JUDGMENT RENDERING JUDGMENT BY DEFAULT AGAINST QUEST HOLDINGS, INC. AND IMPOSING FINANCIAL REMEDIES AGAINST QUEST HOLDINGS, INC. AND CRAIG T. JOLLY

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Craig T. Jolly to Entry of Judgment of Permanent Injunction and Other Relief (Docket Item 27) is incorporated herein with the same force and effect as if fully set forth herein, and that Jolly shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X..

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Date: *June 2*, 2010

*/s/ Edward F. Shea*

UNITED STATES DISTRICT JUDGE

CASE NO.: CV-09-38-EFS
SEC v. JOLLY AND QUEST HOLDINGS, INC.

-7-

[~~PROPOSED~~] FINAL JUDGMENT RENDERING JUDGMENT BY DEFAULT AGAINST QUEST HOLDINGS, INC. AND IMPOSING FINANCIAL REMEDIES AGAINST QUEST HOLDINGS, INC. AND CRAIG T. JOLLY